IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

MONTRELL LAMOND TONEY,

      Defendant.

Case No. 25-CR-128-JFH

## OPINION AND ORDER

Before the Court is the Government's Notice of Intent to Admit Evidence Under Federal Rule of Evidence 404(b) ("Government's Notice"). Dkt. No. 35.  Defendant Montrell Lamond Toney has not objected to the Government's Notice.  But, in the interest of efficiency, the Court will issue this preliminary ruling on the admission of such evidence.  For the following reasons, the evidence proffered in the Government's Notice is ADMISSIBLE.

## BACKGROUND

On February 26, 2025, Oklahoma Highway Patrol officers performed a traffic stop involving Defendant in Sallisaw, Oklahoma.  Dkt. No. 35 at 2.  During that stop, officers smelled an odor of marijuana coming from his vehicle. After allegedly performing a probable cause search of his vehicle based on the odor, the officers found trash bags containing 145 vacuum sealed bundles of a green leafy substance which they believed to be marijuana.  *Id.* at 2-3.  They also found the following three firearms in the vehicle:

- a Zastava Serbia 7.62 X 39mm MDLPAP rifle, serial number M92PV063074,

- a Glock 19 9mm pistol, serial number BSXX656, and

- a Draco 7.62 x 39mm rifle, serial number ROA23DG-8897.

*Id.* at 3. Accordingly, on July 8, 2025, the Government charged Defendant with one count of possession with intent to distribute less than fifty kilograms of marijuana and one count of possession of a firearm in furtherance of a drug trafficking crime, along with a forfeiture allegation. Dkt. No. 2.

Now, the Government seeks to admit several of Defendant's prior acts to support its prosecution. Dkt. No. 35. In particular, on January 31, 2022, Defendant was arrested in Alabama for improper lane usage, failure to have a license to carry a pistol in a vehicle or concealed on his person, and driving under the influence of alcohol. *Id.* at 3. As a part of that 2022 incident, law enforcement conducted an inventory of his car and located the same Glock 19 and Zastava Serbia rifle later found in the February 2025 incident. *Id.* Furthermore, a later eTrace query and review of firearms transaction records by the United States Bureau of Alcohol, Tobacco, Firearms and Explosives revealed that Defendant purchased the Glock and Zastava in 2021. *Id.* Accordingly, the Government seeks to admit evidence of (1) his 2021 purchase of the firearms and (2) his 2022 possession of the firearms under Rule 404(b). *Id.* at 4.

### AUTHORITY AND ANALYSIS

Under Rule 404(b)(1), evidence of a person's prior acts is inadmissible to prove his "character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence may be admissible "for another purpose, such as proving motive, opportunity, preparation, plan, intent, knowledge, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Ultimately, to determine whether prior acts are admissible under Rule 404(b), courts consider the following: (1) whether the evidence is offered for a proper purpose; (2) its relevance; (3) whether the probative value of the evidence is substantially outweighed by its prejudicial effect; and (4) whether the Court can give a limiting

instruction if requested by Defendant. *United States v. Moran*, 503 F.3d 1135, 1144 (10th Cir. 2007) (citing *Huddleston v. United States*, 485 U.S. 681, 691 (1988)).

The Court will address each of these prongs. First, evidence of his past ownership and possession of the firearms is offered for a proper purpose—to show his ownership of the firearms on February 26, 2025, his knowledge that his firearms were in his vehicle on February 26, 2025, and his intent and plan to use his own firearms to safeguard marijuana allegedly in that vehicle. Second, these purposes are highly relevant, as they speak to whether Defendant knowingly possessed those firearms in furtherance of his current drug trafficking charge. Third, the relevancy of his prior purchase and possession far outweighs any prejudice. However, it is not clear if the Government also seeks to admit the circumstances of his 2022 arrest to provide the foundation for his prior possession, nor is it clear how Government will prove his prior possession. So, at this stage, the Court cannot determine whether the circumstances of his 2022 arrest are unduly prejudicial. Finally, the Court can give limiting instructions on his past ownership and possession of the firearms if Defendant requests.

For these reasons, the Court will preliminarily admit Defendant's 2021 purchase of the firearms and his 2022 possession of the firearms. However, the Court will reserve judgment on whether to admit the circumstances of his 2022 arrest.

## CONCLUSION

IT IS THEREFORE ORDERED that the evidence proffered in the Government's Notice [Dkt. No. 35] is ADMISSIBLE, conditioned on the Government laying a proper foundation at trial.

Dated this 28th day of April, 2026.

_____
JOHN F. HEIL, III
CHIEF UNITED STATES DISTRICT JUDGE

3